*310 The opinion of the Court was afterwards delivered as follows by
Parsons, C. J.
This is an action of covenant broTten, on a deed oi the defendant’s testator, conveying one hundred acres of uncultivated land, with general warranty. The plaintiff assigns, as a breach of this covenant, that, at the time of the conveyance, one Moore was lawfully seised in fee of sixty acres, parcel of the said one hundred acres, and that afterwards one M Crealis, holding Moore’s title, had entered into possession of, and evicted the plaintiff from, the said sixty acres. The defendants traverse the eviction, and issue being joined thereon, a verdict is found for the plaintiff. The cause now comes before the Court upon a motion for a new trial by the defendants for a supposed misdirection of the judge at the trial.
The first objection is, that the judge admitted paroi evidence to prove the eviction, which the counsel for the defendants contend can only be proved by the record of a judgment at law. And we are all of opinion that, to prove an eviction, according to its strict and technical meaning, a judgment of court is necessary. But we are inclined to give to the term a more extended signification, and to understand it in that case as synonymous with ouster.
But, secondly, it is contended that here was no legal evidence of an ouster; because the dispossession took place with the consent of the tenant in possession.
It is true that, if the tenant consents to an unlawful ouster, he cannot afterwards be entitled to a remedy for such ouster. But an ouster may be lawful; and in that case the tenant may yield to a dispossession, without losing his remedy on the covenant of warranty, which in this state is a personal action of covenant broken. There is no necessity for him to involve himself in a lawsuit to defend himself against a title which he is satisfied must ultimately prevail.
[ * 353 ] * But he consents at his own peril. If the title, to which he has yielded, be not good, he must abide the loss; and in a suit against his warrantor, the burden of proof will be on the plaintiff; although it would be otherwise in case of an eviction by force of a judgment at law, with notice of the suit to the warrantor. For in such case, unless it be obtained by fraud, the judgment itself will be plenary evidence.
In the case at bar, it appears that M Crealis had a good title to the sixty acres, paramount to the title of Cutts. And the plaintiff, by consenting to his taking possession, did not lose his remedy for this lawful ouster against his warrantor.

Judgment according to the verdict